Thomas C. Seabaugh, SBN 272458
THE LAW OFFICE OF THOMAS C. SEABAUGH
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 225-5850
Email: tseabaugh@seabaughfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BOSTON MORELAND,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF LOS ANGELES;<br>MARCO ROLON;<br>and DOES 2-10, identities unknown,<br><br>            Defendants, | Case No.: 2:24-cv-7728-CBM<br><br>*Hon. Consuelo B. Marshall*<br><br>**FIRST AMENDMENT COMPLAINT FOR DAMAGES**<br><br>  1. First Amendment— Free Speech and Assembly (42 U.S.C. § 1983)<br>  2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>  3. Battery (California Law)<br>  4. Negligence (California Law)<br>  5. California Civil Code §52.1 (California Law)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff BOSTON MORELAND ("Plaintiff"), for his complaint against the CITY OF LOS ANGELES (the "City"), MARCO ROLON; and DOES 2-10 (all together, "Defendants"), alleges as follows:

## INTRODUCTION

1. This civil rights and state law action arises from the shooting of University of Southern California student Boston Moreland with a "less lethal" police projectile on the night of April 24, 2024.

2. Los Angeles Police Department officer Marco Rolon shot Moreland with a "less lethal" projectile while Moreland was standing on a public walkway at the intersection of Jefferson Boulevard and Hoover Street, near the campus of the University of Southern California. At the time he was shot, Moreland was lawfully participating in a protest against the massacre of civilians in Gaza and against a police raid that had taken place on campus earlier the same evening. He was lawfully exercising his rights to freedom of expression and assembly.

3. Moreland was not given a warning. He had not been ordered to disperse from the area and was not disobeying any police commands. He was not punching, kicking, or verbally threatening anyone. He was unarmed. He was filming a line of police officers with his mobile phone. In a word, he was completely innocent.

4. Based on video evidence gathered to date, the projectile that struck Moreland was evidently fired from a 40mm "less-lethal" launcher, a device capable of causing significant injury. The term "less-lethal" refers to the fact that the projectile can cause serious injury or even death. The projectile struck Moreland in the abdomen. He was transported to the hospital that evening for evaluation and treatment.

5.      As an innocent person who the officers had no plausible reason to shoot with a projectile capable of causing serious injury, Moreland contends that the officers violated his rights to freedom of expression and assembly, together with his right to be free from excessive or unreasonable force. He also asserts parallel rights under California law.

6.      As a civil rights action that seeks to vindicate fundamental democratic and constitutional rights and redress the violation of these rights by law enforcement, this lawsuit is in the public interest.

## PARTIES

7.      Plaintiff is a student at the University of Southern California in the City of Los Angeles. The circumstances and events giving rise to this action occurred in the City of Los Angeles.

8.      Plaintiff sues in his individual capacity for violations of his own rights and harm that he suffered personally.

9.      At all relevant times, officer MARCO ROLON and the individuals sued by fictitious names as DOES 2-10 were agents or employees of the City of Los Angeles or the Los Angeles Police Department ("LAPD"). At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. Alternatively, upon information and belief, to the extent that the City of Los Angeles did not directly employ these defendants, these defendants were acting as agents of the City of Los Angeles at all relevant times and subject the direction and control of the City of Los Angeles. These defendants proximately caused Plaintiff's damages by engaging in, integrally participating in, or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

10.      Defendant City of Los Angeles is responsible for Plaintiff's injuries by virtue of statutory indemnity and vicarious liability. At all relevant times, Defendant City of Los Angeles was a duly organized public entity, existing under

-3-      Case No. 2:24-cv-7728-CBM
FIRST AMENDED COMPLAINT FOR DAMAGES

the laws of the State of California. Defendant City of Los Angeles is a chartered subdivision of the State of California with the capacity to sue and be sued.

11.    Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, MARCO ROLON and DOES 2-10 were acting on the implied and actual permission and consent of the City of Los Angeles.

12.    The true names of Defendants DOES 2-10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

13.    Defendants MARCO ROLON and DOES 2-10 are directly liable for Plaintiff's injuries under state and federal law and are sued in their individual capacities for damages only.

## JURISDICTION AND VENUE

14.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    The foregoing allegations are incorporated as if re-alleged herein.

17.    This claim arises from a police use of force on April 24, 2024 at approximately 9:00 in the evening. Boston Moreland alleges that he was subjected

to excessive and unreasonable force in violation of state and federal law when he was shot with a "less-lethal" police projectile.

18. Boston Moreland is an undergraduate student at the University of Southern California. At the time he was shot, he was lawfully exercising his First Amendment right to assemble and protest on a public walkway. Specifically, together with a number of other students, he was protesting against the conduct of the Israeli military in Gaza as well as the police presence on campus. Earlier that evening, police had arrested dozens of other students at a pro-Palestinian protest encampment.

19. Boston Moreland together with numerous other students had complied with police instructions to leave the area of the encampment earlier in the evening. At the time he was shot, he was standing on a public walkway outside a closed gate. He was unarmed. He was within his lawful rights to stand in a public space and protest, and he was filming the police with his mobile phone. He did not punch anyone, kick anyone, or verbally threaten anyone. He did not pose any threat or danger to anyone at any time. He did not hear any order to disperse from that area or any warning. Without justification, a police officer believed to be MARCO ROLON standing on the opposite side of the gate opened fire, striking him in the abdomen with a "less lethal" projectile. The shooting was captured on video.

20. Moreland was transported to the hospital that evening for evaluation and treatment.

21. In addition to constituting excessive and unreasonable force, the shooting also violated his fundamental rights to free speech and assembly under federal and state law, including under the First Amendment to the US Constitution as well as under the California constitution.

22. Los Angeles Police Department officers were observed that evening to be carrying "less-lethal" weapons of the type that was evidently fired at him.

23. Plaintiff's injuries and damages include, without limitation, his physical injuries, including the injury to his abdomen, together with medical evaluation and treatment; interference with his university education; trauma; mental suffering; inconvenience; anxiety; ordeal; humiliation; loss of enjoyment of life; scarring; and emotional distress—in each instance, both past and future. In addition, he seeks costs, statutory damages, punitive damages, and attorneys' fees.

24. On May 29, 2024 Plaintiff timely submitted a claim for damages to the City of Los Angeles under the California Government Claims Act. On June 20, 2024 the City of Los Angeles denied the claim. This lawsuit is timely brought within 6 months of the denial of the claim.

## FIRST CLAIM FOR RELIEF

### First Amendment—Freedom of Speech and Assembly

### (42 U.S.C. § 1983)

(Against MARCO ROLON and DOES 2-10)

25. The foregoing allegations are incorporated as if re-alleged herein.

26. The acts of Defendants MARCO ROLON and DOES 2-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, these Defendants violated Plaintiff's rights to freedom of speech and assembly under the First and Fourteenth Amendments to the U.S. Constitution.

27. The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

28. Upon information and belief, each of these Defendants integrally participated or failed to intervene in the complained-of conduct of the others.

29. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force

### (42 U.S.C. § 1983)

(Against MARCO ROLON and DOES 2-10)

30. The foregoing allegations are incorporated as if re-alleged herein.

31. The acts of MARCO ROLON and DOES 2-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, these Defendants violated Plaintiff's right to be free from excessive force under the Fourth and Fourteenth Amendments to the U.S. Constitution.

32. The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

33. Upon information and belief, each of these Defendants integrally participated or failed to intervene in the complained-of conduct of the others.

34. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### Battery (California Law)

(Against All Defendants)

35. The foregoing allegations are incorporated as if re-alleged herein.

36. The conduct of Defendants MARCO ROLON and DOES 2-10 as described above constituted battery by a peace officer under California law.

37. The conduct of these Defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

38. Defendant City of Los Angeles is vicariously liable for the wrongful acts of these Defendants pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of their employment if the employee's act would subject him or her to liability.

39. Plaintiff seeks compensatory damages and punitive damages under this claim.

## FOURTH CLAIM FOR RELIEF

### Negligence (California Law)

(Against All Defendants)

40. The foregoing allegations are incorporated as if re-alleged herein.

41. Defendants MARCO ROLON and DOES 2-10 had a duty, at a minimum, to conform their conduct to that of reasonably careful and prudent police officers.

42. In committing the above-described acts and omissions, the conduct of these defendants fell below that of reasonably careful and prudent police officers.

43. The conduct of MARCO ROLON and DOES 2-10 fell below that standard of care, including in striking Plaintiff with a "less-lethal" projectile as well as the tactics and decisions leading up to and during this conduct.

44. As a result of the negligence of these defendants, Plaintiff was harmed.

45. The conduct of these defendants, and each of them, was a substantial factor in causing harm to Plaintiff.

46. The conduct of these defendants was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

47. The City of Los Angeles is vicariously liable for the wrongful acts of Defendants MARCO ROLON and DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

-8-                        Case No. 2:24-cv-7728-CBM
FIRST AMENDED COMPLAINT FOR DAMAGES

48.     Plaintiff seeks compensatory damages and punitive damages under this claim.

## FIFTH CLAIM FOR RELIEF

### California Civil Code §52.1 – Bane Act (California Law)

(Against Defendants MARCO ROLON and DOES 2-10)

49.     The foregoing allegations are incorporated as if re-alleged herein.

50.     California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by violence, threats, intimidation, or coercion.

51.     The acts of MARCO ROLON and DOES 2-10, as described above, violently interfered with the civil rights of Plaintiff, which are protected by both the California Constitution and the United States Constitution, including without limitation Plaintiff's rights to freedom of speech and assembly, as well as his freedom from excessive force.

52.     MARCO ROLON and DOES 2-10 successfully interfered with the above civil rights of Plaintiff.

53.     The conduct of these defendants was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

54.     As a result of the conduct of these defendants, Plaintiff was harmed.

55.     Defendant City of Los Angeles is vicariously liable for the wrongful acts of the individual defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

56.     Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in his favor and against all defendants as follows:

A.    General and compensatory damages in an amount according to proof;

B.    Special damages in an amount according to proof;

C.    Exemplary and punitive damages against MARCO ROLON and DOES 2-10, in an amount according to proof;

D.    Costs of suit;

E.    Attorney fees under 42 U.S.C. § 1988; and

F.    Such other relief as may be warranted or as is just and proper.

DATED:  May 7, 2025                LAW OFFICE OF THOMAS C. SEABAUGH

By_____*s/ Thomas C. Seabaugh*_____
Thomas C. Seabaugh
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  May 7, 2025                    LAW OFFICE OF THOMAS C. SEABAUGH

_____*s/ Thomas C. Seabaugh*_____
Thomas C. Seabaugh
Attorney for Plaintiff

Case No. 2:24-cv-7728-CBM
FIRST AMENDED COMPLAINT FOR DAMAGES